*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOLDA D. HARRIS, | : |
| | : Civil Action No. 13-3806 (PGS) |
| Plaintiff, | : |
| | : |
| v. | : OPINION |
| | : |
| VALERIE ARTHUR, et al., | : |
| | : |
| Defendants. | : |

**SHERIDAN**, District Judge:

Plaintiff Golda Harris ("Plaintiff"), a prisoner currently confined at Edna Mahon Correctional Facility for Women ("EMCF) in Clinton, New Jersey, seeks to bring this action *in forma pauperis*. Based on her affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed.

**I. BACKGROUND**

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Valerie Arthur, Administrator at EMCF; Helen Adams, Assistant Superintendent at EMCF; Gary Lanigan, Commissioner of the Department of Corrections; "Special Administrative Segregation Review Committee, Prison Classification Committee and Institutional Classification Committee"

for EMCF; "Parole Board"; D. Hunter and Tina Moreo-Corteo, Hearing Officers. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff generally alleges that she has received 105 disciplinary charges between January 13, 2009 and March 23, 2013. (Compl. ¶6.) Plaintiff alleges that she has been referred multiple times for "chronic violator status" due to "atypical and severe hardships in ad seg." Plaintiff further alleges that she has spent 2 years, 7 months and 20 days in administrative segregation since September 2009. (*Id.* at ¶ 7.) Plaintiff alleges that those calculations break down as follows:

1) 590 days were spent in detention or (1 yr. 7 mos 15 days.)

2) 6,285 days loss of commutation to date (17 yrs.)

3) 2,245 days loss of phone (6 yrs.)

4) 1,255 days loss of t.v. and phone (3 yrs.)

5) 1,000 days loss of recreation /yard (2 yrs.)

6) 8,995 days in admin seg. (24 yrs.)[1]

(*Id.*) Plaintiff alleges that "most of the charges do not warrant the severity of the charge." (*Id.* at ¶ 8.) Plaintiff alleges that she was sexually, physically and verbally abused in "ad seg" and that Defendants conspired to cover these incidents. (*Id.* at ¶ 9.) Plaintiff further alleges that she is permanently disabled but the Department of Corrections does not make any accommodations for her. (*Id.* at ¶ 10.) Plaintiff further alleges that she is "denied mental health treatment[2] and is

---

[1] It does not appear that these calculations can be accurate as Plaintiff has only been in custody since 2008.

[2] Though Plaintiff alleges that she is "denied mental health treatment," the Court finds that there is no viable basis to invoke Federal Rule of Civil Procedure 17(c). *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) ("[I]t is the federal district court's obligation to issue an appropriate order 'to protect a minor or incompetent person who is unrepresented [by a general guardian] in an

2

discriminated against because [she is] able to articulate and advocate for [herself.]" (*Id.* at ¶ 12.)

With regard to the specific defendants, Plaintiff alleges as follows. As against Defendant Arthur, Plaintiff alleges that she "approved excessive sanctions, denied ILA services, denied ADA accommodations, violated pl. [sic] inmate and constitutional rights, had knowledge of the wrongdoing and failed to act, denied access to courts, abuse of authority and discretion as supervisor." (Compl. ¶5(b).) Plaintiff alleges that Defendant Adams "approved excessive sanctions and denied services for ILA and ADA accommodations." (*Id.*) She further alleges that Ms. Adams is biased and not impartial and that she sits on multiple prison committees including "ICC, PCC and SASRC." (*Id.*) Since Ms. Adams, is a decision maker, Plaintiff alleges that this is a conflict of interest. (*Id.*) Plaintiff also alleges that Defendant Adams has denied hospitalization and services. (*Id.*)

As against Defendant Lanigan, Plaintiff alleges that he has failed to supervise prison staff and failed to act to "stop the violations." (*Id.*) She also states that he has violated the "Terhune agreement/provisions." (*Id.*) Plaintiff alleges that Defendant Special Administrative Segregation Review Committee failed to adhere to policy and procedures; failed to make appropriate recommendations; approved excessive sanctions; has biased committee members; falsified, or

---

action'") (quoting Fed.R.Civ.P. 17(c)). The Court's "duty of inquiry involves a determination of whether there is verifiable evidence of incompetence." *Id.* The *Powell* court articulated two forms of verifiable evidence of incompetence that trigger the district court's duty to inquire: (1) evidence of a court or public agency's adjudication of incompetence, or (2) evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness "of the type that would render him or her legally incompetent." *Id.* Despite Plaintiff's statement that she is being denied mental health treatment, to this Court's knowledge, no court has found Plaintiff legally incompetent; nor has the Court been presented with verifiable evidence from a mental health professional demonstrating that Plaintiff is being or has been treated for mental illness "of the type that would render him legally incompetent." Therefore, there is no need for the Court to direct the appointment of a guardian ad litem at this time. *Accord Monroe v. Bryan*, 881 F.Supp.2d 623, 628-29 (D.Del. 2012) *aff'd* 2013 WL 1397820, at *3 n.2 (3d Cir. 2013).

knew of falsified statements, which caused Plaintiff to suffer; had knowledge of wrongdoing and failed to act; created a violent record and used said record to systematically deny Plaintiff treatment; ignored hearing officers recommendations; denied hospitalization; and denied parole. (*Id.*) Plaintiff alleges that Defendant Parole Board extended her parole ineligibility; had knowledge of systematic abuse and arbitrary sanctions; and did not adhere to state or procedural parole eligibility rules and guidelines, causing Plaintiff to remain in prison. (*Id.*) Finally, Plaintiff alleges that Defendants Hunter and Moreo-Corteo were biased and did not have substantive evidence to support the charges; gave Plaintiff excessive sanctions; and give African-American inmates maximum sanctions while giving other inmates minimum sanctions. (*Id.*)

Plaintiff is seeking a temporary injunction to return her cane and toilet seat while in administrative segregation; to be admitted to a state psychiatric ward; removal of all administrative segregation, loss of commutation time and loss of privileges from her record; and compensation for her damages.

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[3], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

In this case, Plaintiff has failed to allege sufficient facts to allow the complaint to proceed at this time. At the outset, Plaintiff's claims are not clear. Though she provides a substantial amount of information, nearly all of the statements are conclusory, with no context, and it is unclear how the information is relevant. She does not provide dates of the alleged incidents or sufficient facts to allow this Court to determine her claims. In short, she has failed to allege sufficient factual matter to allow the complaint proceed under *Iqbal*. The complaint will be dismissed without prejudice in its entirety and Plaintiff will be given leave to file an amended complaint.[4]

---

[4] To the extent Plaintiff elects to submit an amended complaint, she is hereby advised that pursuant to Federal Rule of Civil Procedure 18(a), "[a] party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party." In a multi-defendant case, however, the propriety of joinder is most directly controlled by the Rule 20 limits on joinder of defendants. Federal Rule of Civil Procedure 20(a)(2) states that "[p]ersons ... may be joined in one action as defendants if: (A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction or occurrences; and (B) Any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). *See also McDaniel v. Lanigan*, No. 12–3834, 2012 WL 5880371, at *3 (D.N.J. Nov. 21, 2012) (claims by prisoners are not exempt from Rules 18 and 20; plaintiff cannot "lump" claims of limitations on commissary purchases, limitations on frequency of showers, lack of approval of meals by the U.S. Food and Drug Administration, denial of Halal food to Muslim prisoners, denial of kosher milk and glatt kosher meals to Jewish inmates, and bars on wearing tallits in a single pleading) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). *See also Miller v. Lanigan*, No. 12–4470, 2013 WL 1750138, at *2 (D.N.J. Apr.23, 2013) (stating that a plaintiff cannot "lump" all his challenges into a single pleading in violation of Federal Rules of Civil Procedure 18 and 20).

## III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement her pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint within 45 days.[5]  An appropriate

order follows.

Dated:

10/21/14

Peter G. Sheridan, U.S.D.J.

---

Rule 20's requirements are to be liberally construed in the interest of convenience and judicial economy. *See Paladino v. Newsome*, No. 12–2021, 2012 WL 3315571, at *5 (D.N.J. Aug. 13, 2012) (citing *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)). But this application, however liberal, "is not a license to join unrelated claims and defendants in one lawsuit." *Id.* (citing *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007) (per curiam); *George*, 507 F.3d 605; *Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997)).

[5] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and Acannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint].@ 6 Wright, Miller & Kane, *Federal Practice and Procedure* ' 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*